# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>        Petitioner,<br><br>   v.<br><br>A.K. SCRIBNER,<br><br>        Respondent.<br>_____/ | CV F  05-1547 AWI DLB HC<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT<br><br>[Doc. 12] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On May 22, 2006, the Court denied Petitioner's motion to proceed in forma pauperis and directed Petitioner to pay the $5.00 filing fee within thirty days from the date of service of that order. (Court Doc. 7.)  Petitioner did not comply or otherwise respond to the Court's order. Therefore, on July 17, 2006, the Court issued Findings and Recommendations recommending that the action be dismissed based on Petitioner's failure to comply with the Court's order of May 22, 2006. (Court Doc. 9.)  Without any objection by Petitioner, the Findings and Recommendations were adopted in full on September 26, 2006 (Court Doc. 10.), and judgment was entered in favor of Respondent.  (Court Doc. 11.)

    Now pending before the Court is Petitioner's motion to vacate judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed October 2, 2006. (Court Doc. 12.)  Rule 59(a) states:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Petitioner's motion is more properly raised under Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Court will construed Petitioner's motion as being filed under Rule 60(b).

Petitioner states his application to proceed in forma pauperis previously filed in this case demonstrates that Petitioner attempted to send $90.00 check for payment of the filing fee for his actions filed in this Court on April 11, 2006.  First, Petitioner never filed objections to the Findings and Recommendations raising the claim that prison officials had failed to send the $90.00 check, withdrawn from his account on April 11, 2006. Petitioner waited until after the Findings and Recommendations were issued and adopted, and judgment was entered, to raise the claim for the first time.  Petitioner offers no reason for such delay in failing to raise this claim, that he was obviously well aware of after the Court issued the Findings and Recommendations on May 1, 2006. Moreover, examination of the application to proceed in forma pauperis, filed May 15, 2006, does not support Petitioner's contention as it merely indicates that there $90.00 was withdrawn from Petitioner's account.  There is no indication as to the purpose of the money or where the money went, nor has the Court received the $5.00 filing fee in this action, and Petitioner has therefore failed to make a sufficient showing of relief under Rule 60(b).

1  Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to vacate the judgment is
2  DENIED.
3
4  IT IS SO ORDERED.
5  **Dated:    December 30, 2006**                        **/s/ Anthony W. Ishii**
   0m8i78                                                 UNITED STATES DISTRICT JUDGE

3